# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT J. DIBELKA,** | ) | |
| **Plaintiff,** | ) | **Case No. 14 C 3190** |
| | ) | |
| **v.** | ) | **Judge Joan B. Gottschall** |
| | ) | |
| **REPRO GRAPHICS, INC,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Dibelka ("Dibelka"), who has renal cell carcinoma, sued his former employer, defendant Repro Graphics ("Repro"), pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (the "ADA"). Dibelka, who is represented by counsel, alleges that Repro failed to accommodate his medical needs, prohibited him from taking necessary medical leave, retaliated against him and harassed him after he complained about how Repro handled his medical situation, and then fired him in violation of Title VII and the ADA based on pretextual reasons. Repro asserts that Dibelka's EEOC charge included a single claim: that he was wrongfully discharged based on his disability. It thus moves to dismiss Dibelka's other claims under Fed. R. Civ. P. 12(b)(6), contending that Dibelka failed to exhaust these claims because they are outside the scope of his EEOC charge. For the following reasons, Dibelka's ADA wrongful termination, failure to accommodate, and denial of medical leave claims survive the motion to dismiss. However, his Title VII, retaliation, and harassment claims are dismissed without prejudice for failure to exhaust.

# I. BACKGROUND

In 1992, Repro hired Dibelka to work as a pressman. Dibelka was diagnosed with renal cell cancer in 2008. In 2013, Dibelka was working at Repro as a maintenance mechanic. On February 20, 2013, Repro terminated Dibelka's employment based on proffered reasons that are not specified in Dibelka's complaint. Dibelka's complaint does not divide his claims into counts. Construing his complaint broadly, Dibelka contends that Repro: (1) failed to provide reasonable accommodations for his medical needs; (2) refused to allow him to take necessary medical leave; (3) retaliated against him, harassed him, and subjected him to different terms and conditions of employment after he complained about Repro's handing of his medical situation; and (4) fired him in violation of Title VII and the ADA based on pretextual reasons.

Dibelka's EEOC charge is attached to his complaint. It states, in full, that:

> I was hired by Respondent in or around November 1992. My most recent position was Maintenance Mechanic. Respondent is aware of my disability. On or around February 20, 2013, I was discharged. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as Amended.

(Dkt. 1, Compl., Ex. A.) In the area on the EEOC form labeled "Discrimination Based On," Dibelka checked the "disability" box but did not check any other boxes, such as "retaliation" or "race." Dibelka's complaint does not allege that he belongs to a protected class.

# II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its

factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### III. ANALYSIS

### A.    The Scope of the Charge Rule

A plaintiff generally must present his claims to the EEOC before he can file a federal lawsuit based on those claims. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (explaining that "[g]enerally a plaintiff may not bring claims . . . that were not originally brought among the charges to the EEOC"); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (holding that "an employee may sue under the . . . ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"). This rule gives the employer notice of the charged conduct and allows the EEOC and the employer a chance to settle the dispute. *Peters*, 307 F.3d at 550.

Nevertheless, a plaintiff may proceed on claims not explicitly set out in a charge if those claims are "like or reasonably related" to the claims in his EEOC charge and could "be expected to grow out of an EEOC investigation of the charge." *Id.* (internal quotations marks and citation omitted); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). A complaint's allegations are "like or reasonably related" to the allegations in an EEOC charge if there is a "factual relationship" between them. *Risk v. Ford Motor Co.*, 48 F. Supp. 2d 1135,

1145 (S.D. Ill.1999) (citing *Cheek*, 431 F.3d at 501).  A factual relationship exists when the EEOC charge and the complaint involve the same conduct and implicate the same individuals. *Id*.

When faced with an exhaustion issue based on the scope of the charge, the court is not limited to considering only the body of the charge.  Instead, it may consider additional documents "when it is clear that the charging party intended the agency to investigate the allegations."  *Cheek*, 431 F.3d at 502.  However, the "additional allegations cannot expand the scope of the allegations in [the] original charge; they [may only] 'clarify or amplify' the allegations in the charge."  *Id*. at 503 (quoting 29 C.F.R. § 1601.12).

**B.    Dibelka's Claims**

In Dibelka's response to Repro's motion to dismiss, he contends that his complaint alleges colorable claims under both Title VII and the ADA.  This misses the point of Repro's motion.  Repro does not argue that Dibelka's complaint fails to state a claim for which relief may be granted.  Instead, it argues that most of Dibelka's federal claims exceed the scope of his EEOC charge, which asserted that Dibelka was discharged and believed that he was a victim of discrimination under the ADA.  The court also notes that Dibelka does not ask the court to consider Repro's arguments about the scope of the charge in the context of a summary judgment motion, when the court could consider materials outside the four corners of his complaint, such as the intake form that Dibelka presumably filled out when he filed his EEOC charge.  The court thus turns to a comparison of the claims in Dibelka's EEOC charge and his federal complaint.

**1.    Title VII**

Dibelka's response to Repro's motion to dismiss focuses on his disability discrimination claims and does not mention his Title VII claims. He thus appears to have implicitly recognized that his Title VII and disability claims are not sufficiently related. The court makes this explicit. Because Dibelka's EEOC charge rested exclusively on discrimination based on a disability, his Title VII claims (which are based on his membership in an unspecified protected class) are beyond the scope of his charge. *See Conner v. Ill. Dept. of Natural Res.*, 413 F.3d 675, 679-80 (7th Cir. 2005) (rejecting claim as outside the scope of the charge because "it would have been impossible to describe" the federal claim and the claim raised in the EEOC charge as related).

### 2. Retaliation and Harassment Claims

The court next considers Dibelka's claim that Repro retaliated against him, harassed him, and subjected him to different terms and conditions of employment after he complained about how Repro handled his medical situation. Claims of disability discrimination and wrongful termination based on a disability are insufficient to exhaust retaliation and harassment claims. *See Swearingen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) (holding that "[n]ormally, retaliation and discrimination charges are not considered like or reasonably related to one another") (internal quotation marks omitted); *see also Collins v. Fox Home Ctr., Inc.*, No. 12 C 9555, 2014 WL 441427, at *7 (N.D. Ill. Feb. 4, 2014) (holding that a retaliation claim "would not naturally grow from the [EEOC's] investigation of the claims in the charge, which focus on [the plaintiff's] termination"). Thus, Dibelka's retaliation and harassment claims are not properly before the court.

### 3. Failure to Accommodate and Medical Leave Claims

Dibelka also has asserted failure to accommodate and denial of medical leave claims. As noted above, in his EEOC charge, he checked off the "disability" box in the "Discrimination Based On" area of the EEOC's form and stated that he believed that he had been wrongfully terminated and discriminated against because of his disability. Generally, "[a] claim for failure to accommodate is separate and distinct under the ADA from one of disparate treatment because of a disability." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 897 (7th Cir. 1999).

Nevertheless, it is possible for a plaintiff's disability discrimination claims to encompass his failure to accommodate and denial of medical leave claims. *See Morales v. Goodwill Indus. of Se. Wisc., Inc.*, 2014 WL 4914255, at *4 (N.D. Ill. Sept. 30, 2014) (denying motion to dismiss based on the scope of the charge rule where "the accommodation claim and the discrimination charge involve the same conduct and individuals, and it would not be unreasonable to think an investigation into plaintiff's termination would grow into an investigation into defendant's failure to accommodate"). In this case, if Dibelka's accommodation and medical leave claims turn on common issues of fact, they could have reasonably developed from the EEOC's investigation of his disability discrimination claim. Further development of the record may prove that Dibelka's accommodation and medical leave claims are unrelated to his claim of disability discrimination. For now, however, Repro's motion to dismiss Dibelka's failure to accommodate and denial of medical leave claims as outside the scope of his EEOC charge is denied.

This conclusion is not affected by Repro's contention that "a failure to accommodate claim is not like or reasonably related to a claim of discrimination based on disability." (Dkt. 9, Def.'s Memo., at 7.) In support, Repro cites *Peters*, 307 F.3d at 550. In that case, the plaintiff

alleged discriminatory termination, hostile work environment, and retaliation claims. *Id*. He did not, however, raise a failure to accommodate claim. Thus, contrary to Repro's characterization of *Peters*, the Seventh Circuit has not held that a failure to accommodate claim, as a matter of law, is always outside the scope of an EEOC charge based on disability discrimination.

Repro also directs the court's attention to *Shannon v. Sheahan*, No. 01 C 252, 2003 WL 366584, at *10 (N.D. Ill. Feb. 18, 2003), *on reconsideration in part*, 2003 WL 22937924 (N.D. Ill. Dec. 11, 2003). In *Shannon*, the court held that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA [and therefore] Plaintiff was required to include her ADA accommodation claim in the EEOC Charge to properly assert the claim in district court." *Id*. The *Shannon* court reached this conclusion on a fully developed summary judgment record. *Id*. Here, in contrast, the court is confined to the four corners of the complaint, which makes it impossible to ascertain the precise contours of the disability discrimination claim raised before the EEOC. Thus, Dibelka's failure to accommodate and denial of medical leave claims survive the motion to dismiss.

## IV. CONCLUSION

Defendant Repro Graphic's motion to dismiss portions of the employment discrimination complaint filed by plaintiff Robert Dibelka [8] is granted in part and denied in part. Dibelka may proceed with his ADA wrongful termination, failure to accommodate, and denial of medical leave claims. However, his Title VII, retaliation, and harassment claims are dismissed without prejudice as outside the scope of his EEOC charge. *See Collins*, 2014 WL 441427, at *7 (explaining that unexhausted claims should be dismissed without prejudice, even though as "a

practical matter," the time to file a new charge "has likely expired"). A status hearing is set for November 25, 2014, at 9:30 a.m. in Courtroom 1858.


Date:  November 12, 2014                                   _____/s/_____
                                                          Joan B. Gottschall
                                                          United States District Judge